**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LAKE MARINA, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4959** |
| **GREAT AMERICAN ASSURANCE COMPANY** | **SECTION B(5)** |

**ORDER AND REASONS**

Before the Court is Defendant Great American Insurance Company's[1] Motion For Summary Judgment (Rec. Doc. No. 5). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED.**

*BACKGROUND*

On or about August 28, 2005, Plaintiff's two residential rental units sustained damage allegedly caused by Hurricane Katrina. Defendant Great American Insurance Company ("Great American") issued a mortgage protection policy insuring said property to First American Bank & Trust ("First American").[2]

On August 28, 2006, Plaintiff filed suit against Great American asserting claims of negligence, breach of contract, and bad faith, *inter alia.*

---

[1]Incorrectly named Great American Assurance Company.

[2]First American has a mortgagee interest in Plaintiff's property.

1

Great American contends the policy at issue insured only First American, as mortgagee, against loss or damage to Plaintiff's property.  Great American further contends Lake Marina has no direct or indirect rights to benefits under the policy.  Therefore, Great American moves the Court to dismiss Plaintiff's claims as a matter of law.

Plaintiff contends the insurance policy manifests Great American's intent to benefit, Lake Marina, LLC. ("Lake Marina") and constitutes a contract for the benefit of a third party known recognized under Louisiana law as a stipulation *pour autrui*. Plaintiff further contends Lake Marina has the right to demand performance and moves the Court to deny Great American's motion for summary judgment.

## *DISCUSSION*

### A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby,*

*Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).   Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.   *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998).   The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.   *Id.*   Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.   *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

In *Ortego v. First American Title Ins.*, 569 So.2d 101 (4th Cir. 10/11/90), plaintiff, mortgagor, sought benefits under a title insurance policy issued solely to the mortgagee.   Said policy conferred no benefits on the mortgagor.   *Id.*   at 104.   The court considered jurisprudence and stated "title insurance issued only to a mortgagee confers no benefits upon the mortgagor."   *Id*.   at 106 (citing *Trosclair v. Chicago Title Insurance Company*, 374 So.2d 197 (La.App.  4th Cir. 1979).   The court held that only the mortgagee could assert a claim for benefits under the policy at issue.   *Id.*

The facts in the instant case are distinct from those considered in *Ortego*.   Here, it is unclear whether the policy at issue confers direct benefits upon the mortgagor.   The mortgage protection policy names First American as the sole insured.   However, said insurance policy further provides "**[u]nless indicated**

**otherwise by endorsement**, this policy does not provide coverage for flood, earth movement, contents, errors & omissions or liability, **nor does it provide coverage for the interest or equity of the mortgagor**."[3]

Defendant submitted a copy of the insurance policy in support of its motion for summary judgment including optional mortgagor coverage endorsements.  However, whether or not said endorsements were provided in the policy at issue is a disputed fact. Plaintiffs right, or lack thereof, to demand performance hinges upon whether optional mortgagor coverage endorsements were requested and/or provided.  Furthermore, the mortgagor coverage endorsements at issue would dictate the limited performance Plaintiff may or may not demand.  Therefore, the Court finds a genuine issue of material fact exists as to whether the insurance policy included endorsements for the benefit of Lake Marina. Accordingly,

**IT IS ORDERED**  that  Defendant's Motion for Summary Judgment is **DENIED.**

New Orleans, Louisiana this 5th day of April, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[3]Great American Mortgage Protection Insurance Policy ("Policy"), Declarations, Item 7 (emphasis added).

4