UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LAKE MARINA, LLC**                                    **CIVIL ACTION**

VERSUS

**GREAT AMERICAN ASSURANCE**                            **NO. 06-4959**
**COMPANY**
                                                        **SECTION B(5)**

ORDER AND REASONS

Before the Court is Defendant Great American Assurance Company's Motion for Summary Judgment. (Rec. Doc. No. 24). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

*BACKGROUND*

Plaintiff Lake Marina, LLC ("Lake Marina") owned two rental units located at 343 and 345 West Robert E. Lee Boulevard, New Orleans, Louisiana. First American Bank & Trust ("First American") held a mortgage interest in this property. Defendant Great American Assurance Company ("Great American") issued a mortgage protection policy to First American insuring First American's interest in the property.

1

Plaintiff's property allegedly sustained damage as a result of Hurricane Katrina. On August 29, 2006, Plaintiff filed suit against Great American asserting claims of negligence, breach of contract, and bad faith. On January 15, 2006 Defendant moved for summary judgment on the grounds that the policy insured only First American, as mortgagee, against loss or damage to Plaintiff's property and that Plaintiff had no direct rights or benefits under the policy. (Rec. Doc. No. 5). This Court denied Defendant's Motion finding that a genuine issue of material fact existed as to whether the policy included endorsements for the benefit of Plaintiff mortgagor. (Rec. Doc. No. 12).

Defendant has now filed a second motion for summary judgment. Defendant has submitted along with the Motion an affidavit of Christopher L. Wise, a Divisional Underwriting President of Great American, which states that there is no endorsement in the policy that provides coverage for Plaintiff's interests. Defendant contends that given the statements made in the submitted affidavit, it is clear that there is no provision or endorsement in the policy that provides coverage for the interest or equity of Plaintiff. Thus, the question of fact identified by the Court has been answered in Defendant's favor, and Defendant is, therefore, entitled to summary judgment.

Plaintiff contends that under the clear terms of the policy,

Plaintiff is entitled to benefits.  Further, Plaintiff argues that the affidavit is an unsuccessful attempt to negate the clear wording of the policy.

### DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c))); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  *Travelers Ins. Co. v.*

*Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.   The Policy**

The policy at issue in the present case lists as the "Named Insured" First American Bank & Trust.  It states that the policy applies to "property which the Named Insured [First American Bank & Trust] has an insurable interest as the mortgagee or as servicing agent for the mortgage interest of others."  The policy provides further that "[u]nless otherwise indicated by endorsement, this policy does not...provide coverage for the interest or equity of the mortgagor.  This is creditor placed insurance, protecting your [Defendant's] mortgagee interest, subject to policy terms and conditions."

Under the heading "ENDORSEMENTS," the policy states that "[t]he endorsements listed below are attached to and form part of this policy."  The only item listed below this heading is "Per Forms Schedule ACE-8001 (08/99)."  ACE-8001 provides, "THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY."  It states further that "the following schedules and endorsements are attached to and form part of this policy."  Among the endorsements listed is "Optional Mortgagor Coverage."

**C.   The Intent of the Parties**

In its April 5, 2007 Order denying Defendant's first motion for summary judgment, this Court found that it was unclear whether

4

the policy at issue conferred direct benefits upon Plaintiff mortgagor, and, therefore, allowed Plaintiff to demand performance under the policy.  Specifically, the Court held that a genuine issue of material fact existed as to whether the optional mortgagor coverage endorsements described above were actually requested and provided in the policy at issue in this case.

Defendant contends that there is no provision or endorsement in the policy that provides coverage for the interest or equity of Plaintiff.  In support, Defendant has submitted the affidavit of Christopher L. Wise, a Divisional Underwriting President of Great American.  The affidavit states that the policy "confers no direct benefit to Lake Marina, LLC."  It states further that the mortgagor coverage was optional under the policy.  Specifically, Defendant had the option of choosing mortgagor coverage provided "(1) the mortgagee (i.e., First American) requested such coverage; (2) a Notice of Insurance was issued evidencing such coverage; and (3) an additional premium was paid for each of the aforementioned endorsement coverages."  Finally, the affidavit states that none of these three conditions were met and that as a result, "[t]here is no endorsement in the policy providing coverage for the interest or equity of the mortgagor, Lake Marina, LLC."

Defendant contends that this affidavit resolves the issue of fact identified in the Court's order denying summary judgment.

Thus, the issue before the Court is whether the affidavit entitles Defendant to summary judgment on the grounds that the policy clearly confers no benefit to Plaintiff mortgagor.

When, as in this case, the court determines that a contract between the parties is unclear, extrinsic evidence such as affidavits may be used to determine the true intent of the parties. *Eiche v. E. Baton Rouge Parish Sch. Bd.*, 623 So. 2d 167, 170 (La. App. 1 Cir. 1993).  Summary judgment, however, is seldom appropriate when there is a question as to what the parties intended with respect to certain provisions of the contract. *Id.*; *See also Jhaver v. Zapata Off-Shore Co.*, 903 F.2d 381, 384 n.8 (5th Cir. 1990) ("If after applying the established rules of interpretation, a written instrument remains reasonably susceptible to more than one meaning, extraneous evidence is admissible to determine the true meaning of the instrument.  Normally, a summary judgment based on such a record is improper." (quoting *R&P Ent. v. LaGuarta, Gavrel & Kirk Inc.*, 596 S.W. 2d 517, 519 (Tex. 1980)).

In the present case, given the Court's determination that it is unclear whether the endorsements were in fact part of the policy, the Court will consider the affidavit submitted by the Defendant to determine the intent of the parties as expressed in the policy.  The Court, however, is hesitant to rely on the affidavit as a basis for resolution of the factual dispute.  While

the affidavit lends support to Defendant's contention that no endorsement existed in favor of Plaintiff, there still exists a genuine issue of material fact regarding whether the policy actually included the endorsements.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana this 8th day of November, 2007.

_____
UNITED STATES DISTRICT JUDGE