UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAKE MARINA, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4959** |
| **GREAT AMERICAN ASSURANCE COMPANY** | **SECTION B(5)** |

ORDER AND REASONS

Before the Court is Defendant Great American Assurance Company's Motion for Reconsideration. (Rec. Doc. No. 36). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion is **DENIED.**

*BACKGROUND*

Plaintiff Lake Marina, LLC ("Lake Marina") owned two rental units located at 343 and 345 West Robert E. Lee Boulevard, New Orleans, Louisiana. First American Bank & Trust ("First American") held a mortgage interest in this property. Defendant Great American Assurance Company ("Great American") issued a mortgage protection policy to First American insuring First American's interest in the property.

Plaintiff's property allegedly sustained damage as a result of Hurricane Katrina. On August 29, 2006, Plaintiff filed suit against Great American asserting claims of negligence, breach of contract, and bad faith. On January 15, 2006 Defendant moved for summary judgment on the grounds that the policy insured only First

1

American, as mortgagee, against loss or damage to Plaintiff's property and that Plaintiff had no direct rights or benefits under the policy. (Rec. Doc. No. 5). This Court denied Defendant's Motion finding that a genuine issue of material fact existed as to whether the policy included endorsements for the benefit of Plaintiff mortgagor. (Rec. Doc. No. 12).

Defendant then filed a second motion for summary judgment (Rec. Doc. No. 24). Defendant submitted along with the Motion an affidavit of Christopher L. Wise, a Divisional Underwriting President of Great American, which states that the policy in question contains no endorsement that provides coverage for Plaintiff's interests. The Court again denied Defendant's Motion for Summary Judgment (Rec. Doc. No. 35). Defendant then filed this Motion for Reconsideration (Rec. Doc. No. 36).

Defendant contends the Court committed a manifest error by finding that a question of fact existed regarding whether the policy at issue in this case actually included the optional mortgagor endorsements. Thus, this Court should grant its Motion for Summary Judgment dismissing Plaintiff's claims.

### *DISCUSSION*

The Court should refrain from altering or amending a ruling or judgment under Rule 59(e) of the Federal Rules of Civil Procedure unless one of the following grounds is present: (1) the judgment is based upon manifest errors of law or fact; (2) the existence of

newly discovered or previously unavailable evidence; (3) manifest injustice will result; or (4) an intervening change in controlling law has occurred.  *See* 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 125-27 (1995).  "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).  Further, recycled arguments, previously rejected by the court, serve only to waste judicial resources.  *Id.*

The policy at issue in the present case lists as the "Named Insured" First American Bank & Trust.  It states that the policy applies to "property which the Named Insured [First American Bank & Trust] has an insurable interest as the mortgagee or as servicing agent for the mortgage interest of others."  The policy provides further that "[u]nless otherwise indicated by endorsement, this policy does not...provide coverage for the interest or equity of the mortgagor.  This is creditor placed insurance, protecting your [Defendant's] mortgagee interest, subject to policy terms and conditions."

Under the heading "ENDORSEMENTS," the policy states that "[t]he endorsements listed below are attached to and form part of this policy."  The only item listed below this heading is "Per Forms Schedule ACE-8001 (08/99)."  ACE-8001 provides, "THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY."  It

states further that "the following schedules and endorsements are attached to and form part of this policy." Among the endorsements listed is "Optional Mortgagor Coverage."

In its April 5, 2007 Order denying Defendant's first motion for summary judgment, this Court found that it was unclear whether the policy at issue conferred direct benefits upon Plaintiff mortgagor, and, therefore, allowed Plaintiff to demand performance under the policy. Specifically, the Court held that a genuine issue of material fact existed as to whether the optional mortgagor coverage endorsements described above were actually requested and provided in the policy at issue in this case. In its November 9, 2007 Order denying Defendant's second motion for summary judgment, the Court considered the affidavit of Christopher L. Wise, a Divisional Underwriting President of Great American, in which he stated that Plaintiff did not fulfill the conditions necessary for obtaining mortgagor coverage under the policy. The Court found that the affidavit did not resolve this factual dispute.

Defendant now argues that the Court committed an error of fact and law by incorrectly identifying the issue of fact precluding summary judgment as whether the policy in question actually included the optional mortgagor endorsements. Defendant concedes that the policy did include such endorsements. Defendant argues that the crucial issue is whether the conditions to obtain these endorsements were in fact met. Defendant argues that the Wise

4

affidavit resolves this issue in favor of Defendant, therefore, it is entitled to summary judgment.

The Court finds that although the Wise affidavit lends support to Defendant's contention that the policy did not include any endorsement in favor of Plaintiff because Plaintiff did not fulfill certain conditions for obtaining such endorsements, the fact remains that the actual language of the insurance policy states that optional mortgage coverage was "attached to and form[ed] part of [the] policy." This language supports Plaintiff's contention that any requirements were presumably fulfilled and that the endorsements in favor of Plaintiff actually formed part of the policy. Thus, the policy language itself is sufficient to create a genuine issue of fact. The Court finds that Defendant is not entitled to relief under Rule 59(e) on the grounds that the Court committed a manifest error of law or fact in denying its Motion for Summary Judgment.

Accordingly,

**IT IS ORDERED** that Defendant's Motion For Reconsideration is **DENIED.**

New Orleans, Louisiana this 11th day of March, 2008.

UNITED STATES DISTRICT JUDGE